UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| EDWARD A. MIGHTY, | ) | CASE NO. 4:22-CV-2125 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| v. | ) | |
| | ) | |
| WARDEN FERNANDO GARZA, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

*Pro se* Petitioner Edward Mighty, a federal prisoner in FCI-Elkton, filed the above-captioned Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. On August 8, 2017, Petitioner pled guilty in the Western District of New York to conspiracy to possess with intent to distribute 5 kilograms or more of cocaine and possession of firearms in connection with a drug trafficking crime. The Western District of New York sentenced him to an aggregate total of 300 months incarceration on September 7, 2017. The United States Second Circuit Court of Appeals upheld his conviction and sentence on direct appeal. The trial court denied his Motion to Vacate Conviction under 28 U.S.C. § 2255 as untimely. The Second Circuit affirmed that decision on July 27, 2022. Petitioner now seeks to bring his claims of ineffective assistance of trial counsel, denial of speedy trial, and defective indictment in a § 2241 Petition. He asks this Court to vacate his conviction and sentence and immediately release him from prison.

Writs of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to

1

prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'" *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting Section 2241(c)). Because Petitioner is appearing pro se, the allegations in his Petition must be construed in his favor, and his pleadings are held to a less stringent standard than those prepared by counsel. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). However, this Court may dismiss the Petition at any time, or make any such disposition as law and justice require, if it determines the Petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987); see also *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (holding district courts have a duty to "screen out" petitions lacking merit on their face under Section 2243).

As a general matter, 28 U.S.C. §§ 2255 and 2241 provide the statutory scheme for federal prisoners to obtain habeas relief. *See Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). Section 2255 provides a means for a federal prisoner to challenge his conviction or sentence, while § 2241 "is appropriate for claims challenging the execution or manner in which the sentence is served." *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). Therefore, federal prisoners "that seek to challenge their convictions or imposition of their sentence" must assert such claim in the sentencing court under § 2255. *See Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999). The remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). Petitioner cannot raise claims in a § 2241 Petition when his attempts to obtain relief under §2255 are unsuccessful. *Id.*

Section 2255 contains a "safety valve" provision permitting a federal prisoner to challenge his conviction or the imposition of his sentence under 28 U.S.C. § 2241; however, relief under that provision is extremely rare. A prisoner may take advantage of this provision

when, after his conviction has become final, the Supreme Court re-interprets the terms of the statute under which Petitioner was convicted, and by this interpretation excludes Petitioner's actions as a violation of the statute. *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003) ("A prisoner who can show an intervening change in the law establishes his actual innocence can invoke the savings clause of § 2255 and proceed under § 2241"). Even under these circumstances, Petitioner must demonstrate that his remedy under § 2255 inadequate or ineffective to raise this intervening change in the law. This exception does not apply where the prisoner failed to seize an earlier opportunity to correct a fundamental defect in his conviction under pre-existing law, whether by direct appeal or by motion under § 2255, or where he did assert his claim in an earlier motion under § 2255 and was denied relief. *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999).

Petitioner is clearly challenging his conviction in this Petition. The fact that he was denied relief in his direct appeal and under § 2255 does not open a remedy in a § 2241 Petition. He does not assert any claims for which the safety valve provision of § 2255 could arguably apply. This Court lacks jurisdiction to consider his challenge to his conviction or sentence.

Accordingly, the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 is denied and this action is dismissed pursuant to 28 U.S.C. § 2243. Further, the Court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

**Date:** February 16, 2023

BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE